IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Gwandulyn Jefferson, | ) | Case No. 3:24-cv-04181-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Ruiz Raidel Genovevo Silva, Empire Transport Solutions Corp., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court following an Order to Show Cause why the Court should not remand the action to state court and on a motion to remand filed by Plaintiff. [Docs. 4; 11.]  Having reviewed the parties' filings and the applicable case law, the Court concludes it does not have subject-matter jurisdiction over this action and, therefore, the case is remanded to the Richland County Court of Common Pleas.

Plaintiff filed this case in the Richland County Court of Common Pleas on March 14, 2024.  [Doc. 1-1.]  The Complaint alleges that Plaintiff was involved in a vehicle accident with a commercial vehicle driven by Defendant Ruiz Raidel Genovevo Silva for Defendant Empire Transport Solutions Corp. ("ETSC").  [*Id.* ¶¶ 6–9, 11–12.]  Defendants removed the case to this Court on July 26, 2024.  [Doc. 1.]

In her Complaint, Plaintiff alleges that, as a result of Defendants' acts, she suffered personal injuries, pain and suffering, and mental distress; incurred medical, doctor, and hospital bills; suffered loss of recreation, wages, and enjoyment of life; suffered property damage and loss of use of her property; and will incur future medical expenses.  [Doc. 1-1 ¶ 25.]  She asserts a claim for negligence against both Defendants and a claim for

negligent hiring and supervision against ETSC only. [*Id.* ¶¶ 13–24.] She seeks actual and punitive damages and attorneys' fees but does not specify any particular amounts. [*Id.* ¶ 26.] In their notice of removal, Defendants emphasize that in an attempt to determine the amount in controversy, they served requests to admit on Plaintiff, and Plaintiff refused to admit that she stipulated that her damages would not exceed $74,999.99. [Doc. 1 ¶¶ 3–4.]

On August 2, 2024, the Court issued an Order to Show Cause why the Court should not remand this action to state court based on lack of subject-matter jurisdiction because the amount in controversy did not appear to exceed the jurisdictional threshold.[1] [Doc. 4.] Defendants filed a response to the Order to Show Cause [Doc. 5], and Plaintiff filed a reply to Defendants' response as well as a motion to remand [Docs. 9; 10; 11].

## DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29

---

[1] The Fourth Circuit Court of Appeals has explained that, in a removed case, a "district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

2

F.3d 148, 151 (4th Cir. 1994).  "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction."  *Id.*  Thus, remand is necessary if federal jurisdiction is doubtful.  *Id.*

In this case, Defendants allege that removal was proper because the district court has diversity jurisdiction to hear Plaintiff's claims under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between . . . citizens of different States."[2]  28 U.S.C. § 1332(a)(1).  "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith."  *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  Nevertheless, "the amount in controversy requirement cannot be based on speculation as to what may occur."  *Burns v. State Farm Mut. Auto. Ins. Co.*, No. 5:19-cv-31, 2019 WL 2603330, at *3 (N.D.W. Va. June 25, 2019).  "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show . . . what the stakes of litigation . . . are given the plaintiff's actual demands."  *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (alterations in original) (internal quotation marks omitted).

It is true that "claims for punitive damages must be included in the calculation of the amount in controversy."  *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) (internal quotation marks omitted).

---

[2] Plaintiff does not challenge the assertion that the parties are completely diverse.

3

However, "courts in this district have established that the mere existence of a claim for punitive damages will not establish to a legal certainty or reasonable probability that the amount in controversy exceeds $75,000." *SNB Props. v. CMH Homes, Inc.*, No. 1:22-cv-02158-SAL, 2022 WL 17976781, at *3 (D.S.C. Dec. 28, 2022) (internal quotation marks omitted) (collecting cases). Attorneys' fees also may be included in calculating the amount in controversy. *Auto Money N. LLC v. Walters*, No. 7:23-02952, 2024 WL 2942826, at *8 (D.S.C. June 11, 2024). As with punitive damages, however, whether the potential for a fee award is sufficient to push the case to the threshold jurisdictional amount depends upon the facts of the case. *Id.* at *8 & n.12.

Critically, in this case, Plaintiffs' Complaint does not specify the amount of damages sought. [*See* Doc. 1-1.] Indeed, the Complaint does not provide the amounts of any component of damages. [*See id.*]; *Legg v. Peterbilt of Atlanta, LLC*, No. 0:23-4534-MGL, 2024 WL 1679399, at *2 (D.S.C. Apr. 18, 2024) ("These allegations, which lack specific monetary figures, fail to allow for an accurate estimation of the amount of damages."). The only monetary figures Defendants point to relate to Plaintiff's refusal to admit that the amount in controversy is less than $75,000 and her $300,000 settlement offer that she submitted prior to removal that indicated she had incurred $11,136.70 in medical expenses.[3] [Doc. 5 at 2–3.] Importantly, "courts in this district have expressly rejected the notion that a plaintiff's refusal to stipulate to maximum damages may establish that the claim exceeds the jurisdictional threshold." *Bishop v. Halpin*, No. 2:22-cv-02871-DCN, 2022 WL 17261400, at *3 (D.S.C. Nov. 29, 2022) ("A plaintiff's refusal to stipulate to

---

[3] Defendants also point out that the statutory cap on damages is three times the actual damages or $500,000, whichever is greater. [Doc. 5 at 2.]

4

maximum damages does not establish that the claim exceeds $75,000. At best, it provides a tenuous and hypothetical inference. . . . [T]o hold removal is proper when a plaintiff refuses to stipulate to a cap on damages would be in disagreement with the long established presumption that remand is proper when removal is questionable." (internal quotation marks omitted)).

Regarding the persuasiveness of settlement offers in establishing jurisdictional amount, Judge Lewis has astutely explained:

> [T]he Court is well aware it is common for a settlement offer to be more about puffing and posturing than proof of anything, much less the value of the claims and the amount in controversy. They often overstate the value of the claim.
>
> [S]uch a settlement offer is entitled to little weight in measuring the preponderance of the evidence. Conversely, a settlement offer that contains specific information supporting a plaintiff's claim for damages[] suggests the plaintiff is giving her reasonable assessment of the value of her claims.

*Martinez v. Sarratt*, No. 3:20-cv-0744-MGL, 2020 WL 1892357, at *5 (D.S.C. April 16, 2020) (cleaned up). In this case, the only fact that Defendants indicate that Plaintiff included in support of her offer to settle the case was that Plaintiff has incurred $11,136.70 in medical expenses. Under those circumstances, "the Court does not find the settlement offer[] to be entitled to any weight." *Id.*

For all of these reasons, the Court concludes that Defendants have not met their burden of establishing that the amount in controversy in this case exceeds $75,000. *See Mulcahey*, 29 F.3d at 151. The Court therefore grants Plaintiff's motion to remand the case to the Richland County Court of Common Pleas.[4]

---

[4] Because the Court concludes that Defendants have not met their burden of establishing that the amount in controversy here exceeds $75,000, the Court declines to address

5

**CONCLUSION**

Wherefore, based upon the foregoing, this action is REMANDED to the Richland County Court of Common Pleas.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

October 2, 2024
Columbia, South Carolina

---

Plaintiff's argument that Defendants' notice of removal was untimely filed [Doc. 11 at 5–8].